EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

                                              Chapter 7

NORTHERN BOULEVARD AUTOMALL, LLC
d/b/a LONG ISLAND CITY VOLKSWAGEN,

                                              Case No.: 19-41348-nhl

                      Debtor.
------------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., as Chapter 11 Trustee
for the Estate of NORTHERN BOULEVARD
AUTOMALL, LLC d/b/a Long Island City Volkswagen,

                      Plaintiff,                  Adv. Pro. No. 19-1045-nhl

             -against-

NORTHERN BROADWAY AUTO, LLC,
NIKOLAOS LETSIOS, VALLEY AUTO SHOW LLC
and RESPECT AUTO QUEENS I LLC,

                      Defendants.
------------------------------------------------------------------X
MAGIC MAJOR AUTO, INC.,

                      Plaintiff,                  Adv. Pro. No. 19-1152-nhl

             -against-

NIKOLAOS LETSIOS, NORTHERN BROADWAY
AUTO, LLC, RESPECT AUTO QUEENS I LLC,
MAYORS AUTO GROUP LLC,

                      Defendants.
------------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., Chapter 7 Trustee for
the estate of NORTHERN BOULEVARD AUTOMALL
LLC d/b/a LONG ISLAND CITY VOLKSWAGEN,

                      Plaintiff,                  Adv. Pro. No. 21-1021-nhl
             -against-

MAGIC MAJOR AUTO INC.,
                      Defendant.
------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT

The following parties (each, a "Party," and collectively, the "Parties") hereby enter into this Stipulation of Settlement ("Stipulation") in full and final resolution of the above-captioned adversary proceedings and any and all claims asserted by the parties therein:  (i) Richard J. McCord, Esq., solely in his capacity as Chapter 7 Trustee (the "Trustee") of the Estate of Northern Boulevard Automall, LLC d/b/a Long Island City Volkswagen (the "Debtor) on behalf of the Debtor; (ii) Northern Broadway Auto LLC ("NB Auto"); (iii) Valley Auto Show LLC ("Valley"); (iv) Mayors Auto Group LLC ("Mayors"); (v) Nikolaos Letsios ("Letsios"), individually and as a member, officer, and/or director of NB Auto, Valley and/or Mayors; (vi) Respect Auto Queens I LLC ("Respect Auto I"); (vii) Respect Auto Queens II LLC ("Respect Auto II"); (viii) Magic Major Auto, Inc. ("Magic Major"); (ix) Hooshmand Kohanano ("Danny"), individually and as a member, officer, director and/or shareholder of Magic Major; and (x) Fereshteh Kohanano ("Malka"), individually and as a member, officer, director and/or shareholder of Magic Major and (xi) Roman Kohanano ("Roman"), individually and as a member, officer, director and/or shareholder of Magic Major.

**WHEREAS,** on March 9, 2019 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS,** on April 9, 2019, the Order Authorizing Appointment of the Chapter 11 Trustee was entered [Bankr. 19-41348 ECF Doc. No. 57], and on April 11, 2019, the Trustee was appointed as the Chapter 11 Trustee and the Order Approving the appointment was entered [Bankr. 19-41348 ECF Doc. No. 62]; and

**WHEREAS,** by Order entered on August 10, 2019 [Bankr. 19-41348 ECF Doc. No. 183] (the "Sale Order"), the Bankruptcy Court approved the Trustee's sale (the "Asset Sale") of

substantially all the Debtor's assets (the "Dealership Assets") to Respect Auto II for $955,000.00, which sale separately included Debtor's claim to ownership of a lease of non-residential real property (the "Triangle Lease") located at 53-21 Northern Boulevard, Woodside, New York (the "Triangle Property"); and

WHEREAS, the closings on the Triangle Lease sale and the Dealership Assets sale occurred on September 30, 2019 and October 28, 2019 (collectively, the "Dealership Closing"), respectively; and

WHEREAS, on November 7, 2019, the Motion of the Chapter 11 Trustee for an Order Converting the Debtor's Chapter 11 Case to a Case Under Chapter 7 and Granting Related Relief was filed, and on February 3, 2020, the Order Converting the Chapter 11 Case to One Under Chapter 7 [Bankr. 19-41348 ECF Doc. No. 289] was entered and the Chapter 11 Trustee was appointed as the Chapter 7 Trustee; and

WHEREAS, prior to the Trustee's appointment as the Chapter 11 Trustee, the Debtor, through its counsel, Spence Law Office, P.C., filed a complaint [AP 19-1045 ECF Doc. No. 1] against Letsios, NB Auto, Valley and Respect Auto I (collectively, the "Triangle Defendants") in Adversary Proceeding No. 19-1045 (the "Letsios/NB Auto Adversary Proceeding") asserting various claims and causes of action concerning the Triangle Lease and a transaction by and among the Triangle Defendants to assign the Triangle Lease from NB Auto to Respect Auto I (the "Triangle Transaction"); and

WHEREAS, the primary position asserted by the Debtor in the Letsios/NB Auto Adversary Proceeding was that the Triangle Lease was actually property of the Debtor's bankruptcy estate and, therefore, any and all consideration that was to flow from Respect Auto I to NB Auto, Valley and/or Letsios should instead be paid over the Debtor; and

**WHEREAS**, as part of the Triangle Transaction, NB Auto was to receive, and in fact did receive, the sum of $41,780.00 (the "Security Deposit")[1] from the landlord of the Triangle Property allegedly as reimbursement of a security deposit from when NB Auto originally entered into the Triangle Lease; and

**WHEREAS**, the Debtor, through its counsel, obtained a temporary restraining order from the Bankruptcy Court against the Triangle Defendants [AP 19-1045 ECF Doc. No. 5] (the "Injunctive Relief") to prevent them from completing the Triangle Transaction, including the transfer of $105,000.00 (the "Upfront Triangle Consideration") that had been paid by Respect Auto I but not deposited by Letsios; and

**WHEREAS**, subsequent to the Trustee's appointment as the Chapter 11 Trustee, on May 13, 2019, the Trustee filed an amended complaint [AP 19-1045 ECF Doc. No. 21] (the "Amended Triangle Complaint") in the Letsios/NB Auto Adversary Proceeding asserting substantially similar facts and circumstances to those asserted in the original complaint and adding additional claims and causes of action against one or more of the Triangle Defendants, and the Court continued the Injunctive Relief by agreement while the parties to the proceeding explored a resolution of same; and

**WHEREAS**, as part of responding to the Amended Triangle Complaint by the filing of an answer with cross-claims in the Letsios/NB Auto Adversary Proceeding on June 13, 2019 [AP 19-1045 ECF Doc. No. 29], Respect Auto I asserted cross-claims against Letsios, NB Auto and Valley (the "Letsios/NB Auto Adversary Proceeding Cross-Claims") concerning the allegations made by the Trustee in the Amended Triangle Complaint and the Triangle Transaction; and

---

[1] The security deposit under the Triangle Lease immediately prior to the Triangle Transaction was $51,780.00, with the landlord of the Triangle Property retaining $10,000.00 of that amount to address an alleged issue concerning the certificate of occupancy for the Triangle Property.

**WHEREAS**, Letsios and NB Auto answered the Letsios/NB Auto Adversary Proceeding Cross-Claims of Respect Auto I through answers filed on June 6, 2019 [AP 19-1045 ECF Doc. Nos. 31, 32]; and

**WHEREAS**, Letsios, NB Auto and Valley filed answers to the Amended Triangle Complaint in the Letsios/NB Auto Adversary Proceeding on June 13, 2019 [Bankr. 19-41348 ECF Doc. Nos. 126, 127][2]; and

**WHEREAS**, by stipulation approved by the Court on July 12, 2019 in the Letsios/NB Auto Adversary Proceeding [AP 19-1045 ECF Doc. No. 34], the Trustee and the Triangle Defendants agreed among other things that: (a) Respect Auto I would retain $10,000.00 of the Upfront Triangle Consideration for the use of paying any additional amounts that may have been owed to, among others, the landlord for the Triangle Property; (b) Respect Auto I would  pay over to the Trustee the sum of $47,500.00 (the "Debtor Escrowed Funds") from the Upfront Triangle Consideration, to be held in the Debtor's estate account subject to further order of this Court; (c) Respect Auto I would pay over to Letsios, the balance of the Upfront Triangle Consideration of $47,500.00 without restriction on its use by Letsios; and (d) the Trustee and the respective Triangle Defendants would retain all of their various rights, claims, and defenses concerning the Upfront Triangle Consideration, any other consideration contemplated to be paid under the Triangle Transaction and the Triangle Lease; and

**WHEREAS**, as part of the Asset Sale, Respect Auto II acquired the Debtor's claims against Respect Auto I asserted in the Letsios/NB Auto Adversary Proceeding (the "Respect 1045 Claims"); and

**WHEREAS**, as part of the process of extending Respect Auto II's time to close on the

---

[2] Those answers should have been filed in Adversary Proceeding No. 19-1045, but it appears that has not been done to date.

Asset Sale, Respect Auto II advanced certain funds to the Trustee aggregating not less than $175,000.00, separate from the consideration paid for the Respect 1045 Claims and the Dealership Assets, so that the Debtor's Volkswagen dealership could continue to operate until the Dealership Closing in October 2019, and also deposited with the Trustee an additional $10,000.00 (the "Closing Adjustment Funds") to be applied against parts purchases and related operational costs incurred by the Debtor immediately prior to and on the day of that October 2019 Dealership Closing; and

**WHEREAS**, by Notice of Removal dated November 21, 2019 [AP 19-1152 ECF Doc. No. 1], Respect Auto I removed to this Court an action pending in the Supreme Court of the State of New York, County of Nassau, Index No.: 613523/2019, with Magic Major as plaintiff and Respect Auto I, Letsios, NB Auto, and Mayors, as defendants, in which Magic Major seeks to recover from those defendants the principal sum of $237,051.44, which is the amount Magic Major asserts that it is owed as a result of the Triangle Transaction (the "First Magic Major Adversary Proceeding"); and

**WHEREAS**, by complaint filed on March 8, 2021 [AP 21-1021 ECF Doc. No. 1] (the "Trustee-Magic Major Complaint") in Adversary Proceeding No. 21-1021 (the "Second Magic Major Adversary Proceeding"), the Trustee seeks to recover from Magic Major the sum of no less than $203,941.71 based on transfers made by the Debtor to Magic Major during the three years prior to the Petition Date; and

**WHEREAS**, by stipulation and subsequent Order entered April 11, 2021 [AP 19-1045 ECF Doc. No. 48 and AP 19-1152 ECF Doc. No. 20] in the Letsios/NB Auto Adversary Proceeding and the First Magic Major Adversary Proceeding, the Court referred the Parties to mediation, with Andrew Thaler, Esq. appointed as the mediator (the "Mediation"); and

**WHEREAS**, by stipulation and Order entered October 26, 2021, the Court included Bankr. AP 21-1021, the Second Magic Major Adversary Proceeding, into the Mediation; and

**WHEREAS**, between October 27, 2021, and November 2, 2021, the Parties engaged in good faith, arm's length negotiations during the Mediation which took place over two full days via group and breakout room video conferencing and another day or more of various telephonic discussions between the parties, which efforts produced the terms reflected herein.

**NOW, THEREFORE,** for the exchange of good and valuable consideration including, without limitation, the Releases contained herein, the sufficiency of which is hereby acknowledged by each and every Party hereto, the Parties expressly stipulate and agree as follows:

Payments:

1.      Magic Major shall receive the sum of one hundred seventy thousand ($170,000.00) dollars (the "Magic Major Settlement Sum") to be made as follows:

    (a) Fifty Thousand ($50,000.00) Dollars (the "Upfront Payment") to be paid no later than ten (10) business days after entry of the order approving this Stipulation.

        a.   The Upfront Payment shall be paid as follows:

            i.   Ten Thousand ($10,000.00) Dollars from the Debtor's estate;

            ii.   Forty Thousand ($40,000.00) Dollars from Respect Auto II.

    (b) The balance of the Magic Major Settlement Sum, in the amount of One-Hundred Twenty Thousand ($120,000.00) Dollars shall be paid by Respect Auto II to Magic Major in monthly installments of Five

Thousand ($5,000.00) Dollars per month for twenty-four (24) months, with the first monthly payment to commence on the 1st day of the month immediately following the month in which Respect Auto II pays its share of the Upfront Payment.

(c) All payments toward the Magic Major Settlement Sum shall be paid by check made payable to "Magic Major Auto, Inc. & Alan C. Stein, Esq. as attorney" and mailed to Law Office of Alan C. Stein, PC, 7600 Jericho Tpke, Ste. 308, Woodbury, NY 11797.

(d) In the event Respect Auto II defaults in payment of any obligations due and owing under this Stipulation to Magic Major, Magic Major shall provide written notice of such default to Respect Auto II and its named counsel, by certified mail, return receipt requested and first class mail, and by e-mail to Respect Auto II's counsel at such addresses set forth in paragraph 14 below, after which Respect Auto II shall have twenty (20) days from the mailing/e-mailing of the notice of default to cure.  If and after a second such notice of default is sent, each additional such notice of default shall entitle Magic Major to an attorneys' fee of One Hundred ($100.00) Dollars per default notice separate from any other attorneys' fees incurred in enforcing this Stipulation.  In the event Respect Auto II defaults in making payment and the default remains uncured, Magic Major shall have the right to enter judgment against Respect Auto II upon submission of attorney's affirmation and proposed judgment in the amount of $237,051.44, less any payments it has received under this

Stipulation prior to the default, including, but not limited to the Upfront Payment(s) made. In the event Respect Auto II defaults in payment and does not cure such default within the allotted time period, Magic Major shall also have the right to a claim against Respect Auto II for reasonable attorneys' fees incurred in enforcement of the Stipulation and collection of the resulting judgment. The Bankruptcy Court shall retain jurisdiction over this matter until all such payments have been made.

2. NB Auto and/or Letsios shall pay to the Debtor's Estate the sum of Forty One Thousand Seven Hundred Eighty ($41,780.00) Dollars (the "Letsios Settlement Sum") for reimbursement of the Security Deposit as follows:

(a) In equal monthly installments commencing on the 1st day of the month immediately after entry of the Order approving the Stipulation, provided, however, that the final payment shall be made on or before May 31, 2022;

(b) By check made payable to "Richard J. McCord, Esq., as Chapter 7 Trustee" and mailed to Richard J. McCord, Esq., Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, East Meadow, NY 11554.

(c) In the event NB Auto and/or Letsios defaults in payment of any obligations due and owing under this Stipulation to the Debtor's estate, the Trustee shall provide written notice of such default to Letsios and his named counsel of such default, by certified mail, return receipt requested and first class mail, and by e-mail to

Letsios' and NB Auto's counsel, at emanuel@mllaborlaw.com and vpalmieri@pallawny.com, respectively, upon which time NB Auto and/or Letsios shall have twenty (20) days from the mailing/e-mailing of the notice of default to cure.  In the event the default in making payment remains uncured after such twenty (20) day period, in accordance with an affidavit of confession of judgment given by Letsios to secure the payments hereunder to be held in escrow by Trustee's counsel in the form annexed hereto as **Exhibit A** (the ""COJ""), the Trustee shall have the right to enter judgment against Letsios and NB Auto in the amount of Eighty-Nine Thousand Two Hundred Eighty ($89,280.00) Dollars, less any payments the Debtor's estate has received or shall receive under this Stipulation prior to entry of the judgment, including the Debtor Escrowed Funds.  Further, upon such uncured default, the Trustee shall also have the right to a claim against Letsios and/or NB Auto for reasonable attorneys' fees incurred in enforcement of the Stipulation and collection of the resulting judgment.  The Bankruptcy Court shall retain jurisdiction over this matter until all such payments have been made.  Upon payment of the Letsios Settlement Sum in full in accordance with this Stipulation, including payment made within any cure period, counsel to the Trustee shall thereafter within ten (10) days mark the COJ "Cancelled" and return the original to counsel to Letsios with .pdf copies emailed to NB Auto's and

Letsios' counsel.

3.      Notwithstanding any release language contained herein, the Trustee shall retain in the Debtor's estate, free and clear of any and all claims, the Closing Adjustment Funds in the amount of $10,000.00 and the Debtor Escrowed Funds in the amount of $47,500.00.

Withdrawal of Complaints

4.      Upon the order approving this Stipulation becoming final and non-appealable, (a) the Trustee shall sign and deliver to each adversary defendant Stipulations of Dismissal with Prejudice: (1) the Amended Triangle Complaint in the Letsios/NB Auto Action; and (2) the Trustee-Magic Major Complaint in the Second Magic Major Action.  Further, upon the order approving this Stipulation becoming final and non-appealable, Magic Major shall sign and deliver to Respect I a Stipulation of Dismissal With Prejudice for the First Magic Major Adversary Proceeding.  The aforementioned Stipulations of Dismissal with Prejudice shall include a provision that each party thereto shall bear his or its own costs and expenses and otherwise be in a form substantially similar to the form attached hereto as Exhibit B. The Stipulation of Dismissal with Prejudice of the First Magic Major Adversary Proceeding shall be held in escrow by Respect I until payment in full is received by Magic Major from Respect Auto II.  Upon the order approving this Stipulation becoming final and non-appealable, the defendants in the Letsios/NB Auto Action and in the Second Magic Major Action may file their respective Stipulations of Dismissal with Prejudice, without further notice. And upon completion of the payments to be made by Respect Auto II under this Stipulation, counsel for Respect Auto I may file, without further notice, the Stipulation of Dismissal With Prejudice of the First Major Magic Action.

Releases and Representations

Releases from and Representations by Respect Auto I and Respect Auto II

5.      Upon the order approving this Stipulation becoming final and non-appealable, Respect Auto I and Respect Auto II shall and do provide (a) a general release to Magic Major and Danny, Malka and Roman, their affiliates, and the owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity from the beginning of time to the entry of the order approving this Stipulation; (b) a general release to Letsios, NB Auto, Valley, and Mayors, their affiliates, and the owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity from the beginning of time to the entry of the order approving this Stipulation, and (c) a general release to the Debtor and its Estate, the Trustee, their affiliates, and the owners, officers, members, directors, shareholders, principals, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity from the beginning of time to the entry of the order approving this Stipulation; provided, however, that none of the releases contained in this paragraph shall include any claims thereafter arising from breach of this

Stipulation.

6.      Respect Auto II represents that, prior to its execution of this Stipulation, Magic Major, Danny, and Malka have provided to Respect Auto II evidence of the current owner(s) of Magic Major, an IRS Form W-9 with Magic Major's Tax Identification Number, and the social security numbers of Danny and Malka.

### Releases from and Representations by the Trustee

7.      Upon the order approving this Stipulation becoming final and non-appealable, the Trustee, on behalf of the Debtor's estate, shall and does provide (a) a general release to Respect Auto I, Respect Auto II, their affiliates, and the  owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity, from the beginning of time to the entry of the order approving this Stipulation; (b) a limited release to Letsios, NB Auto, Valley, and Mayors, their affiliates, and the  owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity, from the beginning of time to the entry of the order approving this Stipulation, related solely to the Triangle Transaction and claims asserted in the Amended Triangle Complaint against them involving the Triangle Lease, and (c) a general release to Magic Major, Danny, Malka

and Roman, their affiliates, and the  owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity, from the beginning of time to the entry of the order approving this Stipulation; provided, however, that none of the releases contained in this paragraph shall include any claims thereafter arising from breach of this Stipulation.

8.      The Trustee acknowledges and agrees that Respect Auto I and/or Respect Auto II are in lawful possession of the Triangle Lease and that the Debtor's estate has no interest in and shall claim no interest in the Triangle Lease.

<u>Releases from and Representations by Magic Major, Danny, Malka and Roman</u>

9.      Upon the order approving this Stipulation becoming final and non-appealable, Magic Major, Danny, Malka and Roman shall and do provide (a) a general release to Respect Auto I, Respect Auto II, their affiliates, and the  owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity from the beginning of time to the entry of the order approving this Stipulation; (b) a general release to Letsios, NB Auto, Valley, and Mayors, their affiliates and the owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them of any and all claims from the beginning of time to approval of the

Stipulation, and (c) a general release to the Estate, the Trustee and the owners, officers, members, directors, shareholders, principals, employees, agents and attorneys of each of them, as applicable, of and from any and all claims from the beginning of time to approval of this Stipulation (the "Magic Major Releases"); provided, however, that none of the releases contained in this paragraph shall include any claims thereafter arising from breach of this Stipulation.

10.     Magic Major represents that, prior to its execution of this Stipulation, Respect Auto II provided it with (a) evidence that its Volkswagen dealership agreement is held in the name of Respect Auto II and (b) a current balance sheet for Respect Auto II.

11.     Magic Major, Danny, Malka and Roman further acknowledge and agree that Respect Auto I and/or Respect Auto II are in lawful possession of the Triangle Lease and that Magic Major, Danny, Malka and Roman have no interest in and shall claim no interest in the Triangle Lease.

Releases from and Representations by Letsios, NB Auto, Valley, and Mayors

12.     Upon the order approving this Stipulation becoming final and non-appealable, Letsios, NB Auto, Valley, and Mayors shall and do provide (a) a general release to Respect Auto I, Respect Auto II, their affiliates, and the owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity from the beginning of time to the entry of the order approving this Stipulation; (b) a general release to Magic Major, Danny, Malka and Roman, their affiliates, and the owners, principals, officers, members, directors, shareholders, employees,

agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity from the beginning of time to the entry of the order approving this Stipulation, and (c) a general release to the Debtor and its estate, the Trustee, their affiliates, and the owners, principals, officers, members, directors, shareholders, employees, agents and attorneys of each of them, as applicable, of and from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity from the beginning of time to the entry of the order approving this Stipulation; provided, however, that none of the releases contained in this paragraph shall include (i) any claims thereafter arising from breach of this Stipulation, (ii) any claims unrelated to the Triangle Lease transactions for amounts alleged to be due for which they/he filed a timely proof of claim in this bankruptcy case; and (iii) any defenses or rights to setoff (subject to any objections to same the Trustee may have), if any, which the Letsios Defendants may have to any claims that the Trustee has not released under Section 7(b).

13.     Letsios, NB Auto, Valley, and Mayors further acknowledge and agree that Respect Auto I and/or Respect Auto II are in lawful possession of the Triangle Lease and that Letsios, NB Auto, Valley, and Mayors have no interest in and shall claim no interest in the Triangle Lease.

Notices

14.     Whenever notice is provided for or required under this Stipulation, such notice(s) shall be sent by the method(s) contained in the provision of this Stipulation

providing for or requiring such notice, sent to the following address(es):

If to the Trustee:

        Richard J. McCord, Esq., as Trustee
        c/o Certilman Balin Adler & Hyman, LLP
        90 Merrick Avenue
        East Meadow, New York 11554

With a copy to:

        Richard J. McCord, Esq.
        Robert D. Nosek, Esq.
        Certilman Balin Adler & Hyman, LLP
        90 Merrick Avenue
        East Meadow, New York 11554
        E-Mail:      rmccord@certilmanbalin.com
                      rnosek@certilmanbalin.com

If to Respect Auto I and/or Respect Auto II:

        c/o Barclay Damon LLP
        1270 Avenue of the Americas
        Suite 501
        New York, New York 10020
        Attn:   Janice B. Grubin, Esq.
               Robert K. Gross, Esq.

with a copy to:

        Janice B. Grubin, Esq.
        Robert K. Gross, Esq.
        Barclay Damon
        1270 Avenue of the Americas
        Suite 501
        New York, New York 10020
        E-Mail:      jgrubin@barclaydamon.com
                      rgross@barclaydamon.com

If to Letsios, Valley, NB Auto, and/or Mayors:

        c/o Milman Labuda Law Group PLLC
        3000 Marcus Avenue, Suite 3W8
        Lake Success, New York 11042-1073
        Attn:  Emanuel Kataev, Esq.

with a copy to:

Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042-1073
E-Mail:          emanuel@mllaborlaw.com

If to Magic Major, Danny, Malka and/or Roman:

74 Beach Road
Great Neck, New York 11023
middleneckglatt@yahoo.com

with a copy to:

Alan Stein, Esq.
Law Office of Alan C. Stein, PC
7600 Jericho Tpke, Ste 308
Woodbury, New York 11797
E-Mail:          alan@alanstein.net

or at such other addresses or to the attention of such other persons as may from time to time be designated by the party to be addressed by written notice to the other parties in the manner herein provided.

General Provisions

15.    The Parties understand and agree that any and all negotiations, discussions, production of documents, including, but not limited to, mediation statements, and other communications during the Mediation that led to this settlement and Stipulation are strictly confidential and shall not be disclosed to or discussed with anyone except tax, financial, or legal advisors, provided that these individuals shall be bound by the same confidentiality obligations.

16.    This Stipulation and the terms and conditions contained herein are subject to approval by the Court, which approval shall be sought by the Trustee through the filing of a motion under Federal Rule of Bankruptcy Procedure 9019 on ordinary notice which motion shall be filed and served no later than ten (10) days after full execution of this Stipulation.

17.     Each Party acknowledges that he, she, or it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of his, her or its own choosing or voluntarily waived such right and enters into these terms voluntarily and without duress.

18.     By entering into this Stipulation, no Party admits and is not admitting to any liability or validity of any claims asserted by any of the Parties against any of the other Parties, and this Stipulation is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation.  The terms set out in this Agreement are thus a compromise settlement of disputed claims, the validity, existence, or occurrence of which is expressly disputed by the Parties.

19.     Each of the undersigned Parties represents and warrants that: (i) they have all necessary power and authority to execute and deliver this Stipulation and to perform their respective obligations hereunder; (ii) this Stipulation has been duly and validly delivered, and constitutes a legal, valid, and binding obligation; and (iii) except for approval of the Bankruptcy Court, no authorization, consent, approval, or other action is or will be necessary as a condition to execution and delivery of this Stipulation and the performance of the obligations hereunder.  Each Party hereto that holds any claims that are being resolved herein also represents that none of those claims have been assigned or transferred.

20.     This Stipulation is binding upon and shall inure to the benefit of the Parties hereto and their respective successors and/or assigns.

21.     If any provision of this Stipulation is held to be illegal, invalid, or unenforceable under present or future state or federal laws or rules and regulations promulgated thereunder, such provision shall be fully severable, and this Stipulation shall be construed and enforced as if such illegal, invalid, and unenforceable provision had never comprised a part hereof, and the remaining provisions of this Stipulation shall remain in full force and effect and shall not be affected by any

illegal, invalid, or unenforceable provision or by its severance from this Stipulation. Furthermore, in lieu of such illegal, invalid, or unenforceable provision, there shall be automatically included as part of this Stipulation a provision as similar in terms to such illegal, invalid, or unenforceable provision as may be possible and be legal, valid and enforceable.

22.    The Parties agree to cooperate with each other to implement the terms of this Stipulation, including without limitation, executing such other and further documents and instruments as either party may reasonably require with respect to this Stipulation.

23.    Nothing herein shall be deemed to be a release of any rights, claims, or remedies by any Party against any third parties that are not included in the release provisions of this Stipulation, including but not limited to any direct claims or claims for indemnity or contribution, all of which rights, claims, and remedies are specifically preserved.

24.    It is understood and agreed that this Stipulation shall be governed by, construed and enforced in accordance with, and subject to the laws of the State of New York, without regard to any conflict of laws principles except to the extent that the Bankruptcy laws apply and in such case title 11 of the United States Code shall apply. Venue for and jurisdiction over any claim or dispute pertaining to this Stipulation shall lie exclusively in the Bankruptcy Court for the Eastern District of New York.

25.    This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Stipulation as a whole is purportedly prepared or requested by such Party.

26.    This Stipulation may be executed in counterparts by facsimile or pdf (portable document format), each of which shall be deemed an original, and all of which when taken together

shall constitute one document.

Dated: East Meadow, New York
   January 14, 2022

         **CERTILMAN BALIN ADLER & HYMAN, LLP**
         Counsel to the Chapter 7 Trustee

         By:  /s/Richard J. McCord
            **RICHARD J. MCCORD, ESQ.**
            90 Merrick Avenue
            East Meadow, New York 11554
            Phone: (516) 296-7000

Dated: East Meadow, New York
   January 14, 2022

           /s/Richard J. McCord
         Richard J. McCord, as Chapter 7 Trustee of the Estate of
         Northern Boulevard Automall, LLC, solely in that capacity

Dated: New York, New York
   January 13, 2022

         **BARCLAY DAMON LLP**
         Attorneys for Respect Auto Queens I, LLC and Respect
         Auto Queens II, LLC

         By:  /s/Janice B. Grubin
            **JANICE B. GRUBIN, ESQ.**
            **ROBERT K. GROSS, ESQ.**
            1270 Avenue of the Americas
            Suite 501
            New York, New York 10020
            Phone: (212) 784-5800
            E-Mail:  jgrubin@barclaydamon.com
                 rgross@barclaydamon.com

Dated: Yonkers, New York
   January 11, 2022

         **RESPECT AUTO QUEENS I, LLC**

           /s/Harrison Gray
         Name: Harrison Gray
         Title: Manager

Dated: Yonkers, New York
        January 11, 2022

**RESPECT AUTO QUEENS II, LLC**

       /s/Harrison Gray
Name:  Harrison Gray
Title:  Manager

Dated: Lake Success, New York
        January 14, 2022

**MILMAN LABUDA LAW GROUP PLLC**
Attorneys for Nikolaos Letsios, Valley Auto Show LLC,
Northern Broadway Auto LLC and Mayors Auto Group
LLC

   By:     /s/Emanuel Kataev
       **EMANUEL KATAEV, ESQ.**
       3000 Marcus Avenue, Suite 3W8
       Lake Success, New York 11042-1073
       Phone: (516) 328-8899
       E-Mail:     emanuel@mllaborlaw.com

Dated: Queens, New York
        January 14, 2022

**NORTHERN BROADWAY AUTO LLC**

       /s/Nikolaos Letsios
Name:  Nikolaos Letsios
Title:   Member

Dated: Queens, New York
        January 14, 2022

**VALLEY AUTO SHOW LLC**

       /s/Nikolaos Letsios
Name:  Nikolaos Letsios
Title:   Member

Dated: Queens, New York
        January 14, 2022

**MAYORS AUTO GROUP LLC**

_____/s/Nikolaos Letsios_____
Name: Nikolaos Letsios
Title: Member

Dated: Queens, New York
      January 14, 2022

_____/s/Nikolaos Letsios_____
Nikolaos Letsios

Dated: Woodbury, New York
      January __, 2022

**LAW OFFICE OF ALAN C. STEIN, PC**
Attorneys for Magic Major Auto, Inc., Mr. Hooshmand
Kohanano and Mrs. Fereshteh Kohanano

By: ____/s/Alan Stein_____
**ALAN STEIN, ESQ.**
7600 Jericho Tpke, Ste 308
Woodbury, New York 11797
Phone: (516) 932-1800
E-Mail: alan@alanstein.net

Dated: Woodbury, New York
      January 17, 2022

**MAGIC MAJOR AUTO, INC.**

_____/s/Roman Kohanano_____
Name: Roman Kohanano
Title: President

Dated: Great Neck, New York
      January 17, 2022

_/s/Hooshmand Kohanano_
Hooshmand Kohanano

Dated: Great Neck, New York
January 17, 2022

_/s/Fereshteh Kohanano_
Fereshteh Kohanano

Dated: Great Neck, New York
January 17, 2022

_/s/Roman Kohanano_
Roman Kohanano